# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLAY LIESEGANG,<br><br>    Plaintiff<br><br>v.<br><br>MIKE YOUNG,<br>THE WHITNEY PEAK HOTEL,<br><br>    Defendants | Case No.: 3:19-cv-00685-MMD-WGC<br><br>**Order** |

Plaintiff is an inmate incarcerated in the Nevada Department of Corrections (NDOC), and housed at Lovelock Correctional Center (LCC). On November 12, 2019, he filed an application to proceed in forma pauperis (IFP) (ECF No. 1), pro se complaint (ECF No. 1-1), and motion for appointment of counsel (ECF No. 1-2). Each of those documents are on fillable forms and Plaintiff has indicated that the court at the top of each document is the Sixth Judicial District Court of the State of Nevada in and for the County of Pershing; however, Plaintiff filed this in the federal court: the United States District Court for the District of Nevada.

Preliminarily, Plaintiff has **30 days** to file a notice indicating whether he intended to file this action in the United States District Court of the District of Nevada, or whether he intended to file it in the Sixth Judicial District Court for the State of Nevada, in Pershing County. If Plaintiff did intend to file the action in this court, he must file a financial certificate along with his application to proceed IFP: The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities."

LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. In addition to notifying the court as to whether he intends to proceed in federal court, if he does intend to proceed in federal court, Plaintiff also has **30 days** from the date of this Order to either file his completed IFP application along with the required financial certificate or pay the full $400 filing fee.

Finally, if Plaintiff does intend to proceed in this court, once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

If Plaintiff fails to timely notify the court of his intent to proceed in federal court and file a completed IFP application along with the financial certificate (or pay the filing fee), this action will be dismissed.

**IT IS SO ORDERED**.

Dated: December 13, 2019.

_____
William G. Cobb
United States Magistrate Judge