# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLAY LIESEGANG,<br><br>    Plaintiff<br><br>v.<br><br>MIKE YOUNG,<br>WHITNEY PEAK,<br><br>    Defendants. | Case No.: 3:19-cv-00685-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 11 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that this action be dismissed.

## I. BACKGROUND

Plaintiff, who is in the custody of the Nevada Department of Corrections (NDOC), filed an application to proceed in forma pauperis (IFP) (ECF No. 5) and pro se complaint (ECF No. 5-1), while housed at Lovelock Correctional Center (LCC). He is now housed at the Humboldt Conservation Camp. Plaintiff sued Mike Young and the Whitney Peak Hotel for his right to freedom of speech. He alleged that he was accused of theft by the Whitney Peak Hotel, but was soon thereafter found innocent of the charges. He claimed that afterwards, his work environment became hostile and he felt threatened by a supervisor. He wrote a personal review about his work environment and conditions on Yelp, and the next day Mike Young called him into his office and he was fired for posting the Yelp review. (ECF No. 5-1.)

The court issued an order granting his IFP application, and dismissing his complaint with leave to amend. (*See* ECF No. 6.) The court found the First Amendment protects people against government, but not *private*, infringement of free speech rights. *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). The court also concluded that Plaintiff's allegations did not give rise to an employment law claim under Title VII of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, color, religion, sex and national origin, as Plaintiff's allegations did not implicate one of the protected areas under Title VII. The court nevertheless gave Plaintiff leave to amend to attempt to assert a claim.

He subsequently filed an amended complaint (ECF No. 11), which the court now screens.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff again sues Mike Young and Whitney Peak Hotel, alleging that he wrote a personal review about the work environment at the Whitney Peak Hotel on Yelp, after he had been accused of theft but was cleared of the charge. He claims, as he did in the original complaint, that his work environment became hostile, and he felt threatened. The day after he posted the Yelp review, Mike Young called him and said he was fired because of the post. (ECF No. 11 at 4.)

Plaintiff does not state a plausible federal claim for relief. He still does not allege a protected area of Title VII. Nor do his allegations appear to implicate another federal employment law.

In addition, federal courts exercise limited jurisdiction. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to as federal question jurisdiction. District courts also have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). This is known as diversity jurisdiction.

Plaintiff is a resident of Nevada, and alleges both the Whitney Peak Hotel and Mike Young reside in Reno/Washoe County Nevada. Therefore, there is no basis for diversity jurisdiction. The court cannot advise whether Plaintiff may or may not state a Nevada employment law claim that might be brought in Nevada's courts, but he does not state a federal claim.

Since the court lacks a basis to exercise subject matter jurisdiction, this action should be dismissed. The dismissal should be without prejudice so Plaintiff may attempt to re-assert a claim in the correct court. *See Mo. ex. rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and administratively closing this case.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 28, 2020

                                                                 _____
                                                                 William G. Cobb
                                                                 United States Magistrate Judge